1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  5:25-mj-00086-KES-CDB |
| Plaintiff, | ORDER DENYING  MOTION OF UNITED STATES OF AMERICA FOR PRETRIAL DETENTION OF DEFENDANT |
| v. | |
| MARC LUGO, | (Doc. 11) |
| Defendant. | ORDER STAYING PRETRIAL RELEASE ORDER |

11
12
13
14
15
16
17
18

**Background**

19          On October 29, 2025, the undersigned found probable cause to approve a criminal complaint

20   and issue an arrest warrant charging Defendant Marc Lugo ("Defendant") with: (1) sexual exploitation

21   of a minor and attempt, in violation of 18 U.S.C. §§ 2251(a) & (e); (2) receipt and distribution of

22   material involving the sexual exploitation of a minor, in violation 18 U.S.C. § 2252(a)(2).  (Doc. 1).

23   Defendant was arrested and appeared for initial appearance on October 30, 2025.  (Doc. 8).  At the

24   initial appearance, the United States of America ("government") moved to detain Defendant and, at

25   the request of counsel for Defendant, the detention hearing was continued to November 4, 2025.  *Id*.

26   On that date, having received and reviewed Defendant's memorandum and attachments in support of

27   release (Doc. 10) and the reports of the pretrial services officer, the Court conducted a detention

28   hearing.  (Doc. 11).  Following the detention hearing, for the reasons set forth and preserved on the

1

1  record, the Court adopted the recommendation of the pretrial services officer and ordered Defendant

2  released on numerous pretrial release conditions.  *Id.*  The release was stayed until 8:00am the

3  following morning; further, the undersigned ruled that the release order would not issue if, prior to that

4  time, the government filed a motion seeking review by a district judge of the release order.   The

5  government timely filed a motion seeking review of the release order, which remains pending.  (Doc.

6  14).  Accordingly, the Court issues this order staying the order of release and setting forth the reasons

7  for the Court's release determination.

8         According to allegations contained in the criminal complaint, information contained in the

9  reports of the pretrial services officer, and information presented during the detention hearing,

10  Defendant is a former officer with the Bakersfield Police Department (BPD) who served as a K9

11  handler and detective with BPD's Special Victims Unit.  Between approximately  October 2023

12  through June 2024, and between February 2025 through April 2025, Defendant engaged in online

13  communication with a 15-year-old minor victim outside of California.  In those communications,

14  Defendant, among other things, instructed the minor victim to assume various poses while nude or

15  partially nude and to take photographs and videos of herself and send them to Defendant.  Defendant

16  regularly used vulgar language in his communications, described how he wanted to sexually abuse the

17  minor victim, and discussed the fact that the minor victim was 15 years old.

18         On May 5, 2025, law enforcement executed a state court-issued search warrant at Defendant's

19  residence and seized and searched cellular telephone alleged to have been used by Defendant.  Within

20  applications found on the telephones that permit a user to hide content, law enforcement discovered

21  photos and videos of the minor victim constituting child pornography.

22  **Governing Legal Standard**

23         "The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.*, requires the release of a person

24  facing trial under the least restrictive condition or combination of conditions that will reasonably

25  assure the appearance of the person as required and the safety of the community."  *United States v.*

26  *Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).  A pretrial defendant must be released pending trial

27  unless a magistrate judge "finds that no condition or combination of conditions will reasonably assure

28  the appearance of the person as required and the safety of any other person and the community." 18

1    U.S.C. § 3142(e). *See United States v. Motamedi*, 767 F.2d1403, 1406 (9th Cir. 1985). "Only in rare

2    circumstances should release be denied" and "[d]oubts regarding the propriety of release should be

3    resolved in favor of the defendant." *Id*. at 1405 (citations omitted).

4          Relevant here, the offenses for which Defendant is charged – the sexual exploitation of a minor

5    child and receipt and distribution of child pornography (*see* Doc. 1) – carry a rebuttable presumption

6    that no condition or combination of conditions will reasonably assure the appearance of the person as

7    required and the safety of the community. 18 U.S.C. § 3142(e)(3). "Although the Court of Appeals for

8    the Ninth Circuit has not established a standard by which to measure whether a defendant has rebutted

9    the presumption of detention, many of its sister circuits agree that a defendant need only produce

10   'some evidence' that he is not a flight risk or a danger to the community." *United States v. Baker*, No.

11   4:23-cr-00261-BLW, 2023 WL 8254714, at *3 (D. Id. Nov. 29, 2023) (citing cases).

12         In seeking detention on the grounds of flight risk, the government bears the burden of proving

13   by a preponderance of the evidence that no pretrial release conditions will reasonably assure the

14   defendant's appearance for court proceedings. *Motamedi*, 767 F.2d at 1406. In contrast, the

15   government bears the burden by clear and convincing evidence to show that a defendant's

16   dangerousness warrants detention because pretrial release conditions cannot be fashioned to

17   reasonably assure the safety of the community. 18 U.S.C. § 3142(f)(2).

18         Section 3142(g) governs the factors which the court must consider in determining issues

19   regarding release and detention. The factors to be considered include: (1) the nature and seriousness of

20   the offenses charged; (2) the weight of the evidence against defendant; (3) the defendant's history and

21   characteristics, including her character, physical and mental condition, family and community ties,

22   employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse;

23   and (4) the nature and seriousness of the danger posed by defendant to any person or the community.

24   18 U.S.C. § 3142(g); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citations omitted).

25   **Discussion**

26         The Court has little difficulty concluding that Defendant presents a risk of flight and risk of

27   danger to the community. In particular, at least two of the four *Hir* factors weigh in favor of detention.

28   For instance, the nature and seriousness of the offenses charged weighs in favor of detention given that

1    the crimes allegedly committed involve minor victims and the maximum statutory penalties upon

2    conviction are substantial.  Further, although the least relevant factor, *see Motamedi*, 767 F.2d at 1408,

3    the weight of the evidence against Defendant appears strong.  Based on the allegations contained in

4    the criminal complaint, there is substantial evidence that the conduct and wrongdoing alleged is

5    attributable to Defendant.  Among other things, images allegedly constituting child pornography and

6    communications between Defendant and the minor victim were discovered by law enforcement on a

7    cell phone allegedly used by Defendant.

8         Having found Defendant presents of risk of flight and danger to the community, the Court

9    considers whether a combination of conditions can reasonably assure the community's safety upon

10   Defendant's release and reasonably assure the Defendant will appear for future court proceedings.

11   Conditions that might ameliorate a risk of flight and protect the community "necessarily" depend on a

12   defendant's good faith compliance.  *Hir*, 517 F.3d at 1093.  Thus, the Court considers available

13   information tending to support or undermine an assessment that Defendant will comply with pretrial

14   release conditions.

15        The government offered scant evidence or argument, aside from pointing to the indisputably

16   egregious nature of the alleged criminal conduct, regarding reasons why the Court should not find

17   Defendant would comply with the conditions of release proposed by the pretrial services office.

18   Defendant has no criminal history and no record of failing to appear for official proceedings.  He has

19   no known substance abuse issues.  He has engaged in no significant international travel within the past

20   ten years and the government has proffered no information suggesting he has any connections

21   overseas, let alone any ties outside of the Eastern District of California, that could serve as safe havens

22   to facilitate his flight.  To the contrary, Defendant has significant employment history, long-standing

23   ties to the community, and supportive family members and children locally.  Relevant here, the Court

24   took notice of the letter of Defendant's former spouse and mother of his two children filed in support

25   of his request for pretrial release. (Doc. 10).  In that letter, she describes Defendant's active

26   involvement in the care and upbringing of his children and her observation of the efforts Defendant

27   has undertaken over the past five months to rehabilitate himself.

28

4

1    Further, the Court examined during the detention hearing the proposed third-party custodian –

2  Defendant's current spouse and active detective with BPD.  Ms. Lugo credibly expressed her

3  understanding of the duties and responsibilities of a third-party custodian and unhesitatingly assured

4  the Court of her readiness to report to the pretrial services officer any violation by Defendant of the

5  release conditions.

6    The Court shares the government's concerns regarding the inherent difficulties a supervising

7  pretrial service officer will encounter in controlling Defendant's access to computers or the Internet

8  (consistent with the release condition imposed prohibiting Defendant from accessing the Internet),

9  particularly given the presence of Internet service and accessible devices in Defendant's residence.

10  *See Hir*, 517 F.3d at 1092-93.  However, the Court is persuaded by Ms. Lugo's representations that

11  she has imposed numerous restrictions on those devices and Internet service, including through

12  password protections and taking custody of Defendant's personal cellular telephone.  Ms. Lugo

13  recently has obtained a landline telephone in the residence to further facilitate her ability to restrict

14  Defendant's access to the Internet and expressed her intent to monitor the residence's home

15  surveillance cameras to assist in her supervision of Defendant.

16    Consistent with the observations of Defendant's former spouse, a psychotherapist who has

17  attended to Defendant's bi-monthly therapy sessions over the past five months for Defendant's sexual

18  behavior problems represents that Defendant has engaged in the therapy seriously and remorsefully

19  with a demonstrated motivation to change his addictive tendencies.  (Doc. 10).  Coupled with the fact

20  that the government has proffered no information reflecting Defendant's serious misconduct is

21  ongoing or that it was directed toward multiple minor victims, these observations support the Court's

22  assessment that the risk of flight and of danger to the community inherent in the pretrial release of

23  Defendant can be sufficiently mitigated by the stringent conditions adopted, including home detention,

24  geolocation monitoring, and the supervision of a third-party custodian serving in a law enforcement

25  capacity.  *See* Exhibit A ["Ex. A"], attached hereto (order of release imposing pretrial release

26  conditions).

27    The Court also shares the government's concern that Defendant engaged in the alleged

28  criminal conduct while serving as a police officer with the Bakersfield Police Department.  Along

1  these lines, the government argued at the detention hearing that Defendant's training  and experience

2  furthered his ability to engage in the alleged abusive conduct toward the minor victim.  While that is

3  possible, it is not obvious from the nature of the communications between Defendant and the minor

4  victim as recited in the criminal complaint that Defendant relied on his law enforcement training to

5  persuade the minor victim to send him illicit photos and videos.  Although the government alleges that

6  Defendant stored child pornography (including images and videos of the minor victim) within cellular

7  telephone applications designed to hide illicit content, that is not the sort of sophisticated criminal

8  conduct that courts recognize as supporting an inference that the Defendant presents any heightened

9  risk of flight or danger.  *Cf. United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) (finding that

10  the "sophisticated criminal conduct" at issue there – involving "convoluted" international financial

11  transactions requiring international travel – directly related to the defendant's risk of flight).

12        In short, notwithstanding the serious and abhorrent nature of the alleged criminal conduct, the

13  Court finds the Defendant has rebutted the presumption that no condition or combination of conditions

14  will reasonably assure his appearance as required and the safety of the community. 18 U.S.C. §

15  3142(e)(3).  Further, having considered the four *Hir* factors, for the reasons set forth and preserved on

16  the record during the detention hearing and addressed above, the Court agrees with the pretrial

17  services office that the stringent conditions proposed (and adopted by the undersigned in his release

18  order) will reasonably assure Defendant's appearance and provide for the safety of the community.

19  **Conclusion and Order**

20        For the reasons set forth above, the motion of the United States of America to detain Defendant

21  Marc Lugo pending trial (Doc. 11) is DENIED.

22        Further, the Court's Order Setting Conditions of Release (Ex. A) is STAYED pending the

23  presiding district judge's disposition of the motion of the United States of America to revoke release

24  order (Doc. 14).

25  IT IS SO ORDERED.

26     Dated:    **November 5, 2025**        _____

27                                             UNITED STATES MAGISTRATE JUDGE

28

1
2
3      **EXHIBIT A**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AO 199A (Rev. 06/19) Order Setting Conditions of Release

Page 1 of ___3___ Pages

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of California

| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   5:25-mj-00086-CDB |
| MARC LUGO | ) | |
| | ) | |
| _Defendant_ | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:   BAKERSFIELD FEDERAL COURTHOUSE
_____
_Place_

510 19th St, Bakersfield, CA 93301

on   _____   11/13/2025 2:30 pm
_Date and Time_

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 09/08- EDCA [Fresno]) Additional Conditions of Release (**Alternate A**)                                                                  Page ☐2 of ☐3 Pages

**LUGO, Marc**
**Doc. No. 5:25-MJ-086-CDB-1**

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

☑   (6)   The defendant is placed in the custody of

Name of person or organization:   Heather Alexis Lugo

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

SIGNED: _____
                              CUSTODIAN

☑   (7)   The defendant must:

☑   (a)   report on a regular basis to the following agency:
Pretrial Services and comply with their rules and regulations;

☑   (b)   report in person to the Pretrial Services Agency on the first working day following your release from custody;

☑   (c)   reside at a location approved by the PSO, and not move or be absent from this residence without prior approval of Pretrial Services Officer;

☑   (d)   cooperate in the collection of a DNA sample;

☑   (e)   travel restricted to **Eastern District of California**, unless otherwise approved in advance by Pretrial Services Officer;

☑   (f)   report any contact with law enforcement to your Pretrial Services Officer within 24 hours;

☑   (g)   not associate or have any contact with the victim(s) included in the criminal complaint unless approved in advance by the pretrial services officer;

☑   (h)   not possess, have in your residence, or have access to a firearm/ammunition, destructive device, or other dangerous weapon; additionally, you must provide written proof of divestment of all firearms/ammunition, currently under your control;

☑   (i)   participate in a program of medical or psychiatric treatment, including treatment for drug or alcohol dependency, as approved by the Pretrial Services Officer; you must pay all or part of the costs of the counseling services based upon your ability to pay, as determined by the Pretrial Services Officer;

☑   (j)   surrender your passport to the Clerk, United States District Court, and you must not apply for or obtain a passport or any other travel documents during the pendency of this case;

☑   (k)   not view or possess child pornography as defined by 18 USC 2256(8), except in the presence of your attorney to prepare for your defense;

☑   (l)   not access the Internet;

☑   (m)   not use or possess a computer or any device capable of accessing the Internet in your residence or at any other location, unless otherwise approved by the Pretrial Services Officer;

☑   (n)   not loiter or be found within 100 feet of any school yard, park, playground, arcade, movie theater, or other place primarily used by children under the age of 18;

☑   (o)   not associate or have verbal, written, telephonic or electronic communication with any person who is under the age of 18, except in the presence of another adult who is the parent or legal guardian of the minor, excluding your two biological minor children;

☑   (p)   not be employed or participate in any volunteer activities in which there is the likelihood of contact with children under the age of 18;

☑   (q)   participate in the following Location Monitoring program component and abide by all the requirements of the program, which will include which will include **a location monitoring technology as directed by the pretrial services officer.** You must comply with all instructions for the use and operation of the location monitoring technology as given to you by the Pretrial Services Agency and employees of the monitoring company. You must pay all or part of the costs of the program based upon your ability to pay, as determined by the pretrial services officer. **HOME DETENTION:** You must remain inside your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; or other essential activities pre-approved by the pretrial services officer. Essential activities include haircuts, DMV appointments, banking needs, or other activities that cannot be completed by another person on your behalf; and,

## USMS SPECIAL INSTRUCTIONS:

☑   (r)   have your release on bond delayed until **8:00 am on Wednesday, November 5, 2025**. At which time you must report immediately to the Pretrial Services Agency **in Bakersfield**, to have the Location Monitoring equipment installed on your person.

AO 199C  (Rev. 09/08- EDCA [Fresno]) Advice of Penalties                                    Page 3   of 3   Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:
   (1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3)  any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4)  a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

## Directions to the United States Marshal

( ☑ )  The defendant is ORDERED released after processing.

Date:

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL